**UNITED STATES of America**

**v.**

**Lafayette "Fate" THOMAS, et al.**

**No. 3–90–00020.**

United States District Court,
M.D. Tennessee,
Nashville Division.

May 3, 1990.

William M. Cohen, Wendy Hildreth Goggin, Melissa Harrison, Office of the U.S. Atty., Nashville, Tenn., for plaintiff.

Ross E. Alderman, Nashville, Tenn., for defendant Thomas.

William Marett, Jr., Nashville, Tenn., for defendant Gilley.

## MEMORANDUM

HIGGINS, District Judge.

Before the Court are four motions to sever or strike parts of the indictment in this action. On February 28, 1990, defendant Lafayette "Fate" Thomas filed a motion to sever Count 35, which relates to the Hobbs Act, pursuant to Rule 14, Fed.R. Crim.P. (Docket Entry No. 104). On April 9, 1990, defendant Thomas filed a motion to strike racketeering acts four and 14 of Counts One and Two relating to RICO, pursuant to Rule 12(b)(2), Fed.R.Crim.P. (Docket Entry No. 173). On April 11, 1990, defendant Thomas filed a motion to sever Counts 14 and 35, pursuant to Rules 8 and 14, Fed.R.Crim.P. (Docket Entry No. 177). On April 16, 1990, defendant Raymond Gilley filed an identical motion to strike racketeering acts four and 14 (Docket Entry Number 191).

The Court heard oral argument on these motions at a hearing on April 24, 1990.

### I.

■ Regarding the motions to strike racketeering act 14 [1], the Court has considered the motions of defendants Thomas and Gilley, defendant Thomas' memorandum in support (Docket Entry No. 174) and the government's response to the motions (Docket Entry No. 216). Defendant Gilley adopted defendant Thomas' memorandum in support of his motion. The Court has also considered the government's proffer [2]

made at the hearing of connections to the Sheriff's Department. [3]

Defendants Thomas and Gilley contend that there is no relationship or nexus between predicate act 14 and the other alleged predicate acts or the enterprise (the Sheriff's Department). The government argues that the predicate act is sufficiently connected to the enterprise to constitute a pattern of racketeering.

■ The Circuit Courts have consistently not required that all racketeering acts be related to each other, as long as the predicate acts are related to the enterprise. U.S. v. Kabbaby, 672 F.2d 857, 860 (11th Cir.1982); U.S. v. Welch, 656 F.2d 1039, 1053 (5th Cir.1981), cert. denied, 456 U.S. 915, 102 S.Ct. 1767, 72 L.Ed.2d 173 (1982); U.S. v. Bright, 630 F.2d 804, 812–813 (5th Cir.1980); U.S. v. Weisman, 624 F.2d 1118, 1129 (2nd Cir.), cert. denied, 449 U.S. 871, 101 S.Ct. 209, 66 L.Ed.2d 91 (1980). The government asserts that defendant Thomas' position as sheriff for 18 years enabled him to conspire to extort money from William Freeman. The enterprise was affected because defendant Thomas was enabled to commit racketeering acts solely because of his position in the enterprise.

The government cites U.S. v. Webster, 669 F.2d 185, 186–87 (4th Cir.), cert. denied, 456 U.S. 935, 102 S.Ct. 1991, 72 L.Ed.2d 455 (1982), as a proper analogy to the case at hand. In Webster, the defendants were convicted on RICO and other charges relating to conspiracy to distribute illegal drugs, and a rehearing was sought. After rehearing, the court stated that the

---

1. This alleges a conspiracy by defendant Thomas and others known and unknown to the Grand Jury to affect commerce by extortion, by conspiring to obtain money from William Freeman of Freeman–Webb Company, "which consent had been induced by wrongful use of fear of economic loss."

2. At the hearing on April 24, 1990, the government made the following proffer of its proof between predicate act 14 and the "enterprise" (i.e., the Sheriff's Department):
   1. Phone calls to the Sheriff about the matter at his office.
   2. The Sheriff's secretary was instructed to set up a meeting regarding the matter.

3. Meetings regarding the matter regularly took place at the Sheriff's office.
   4. Jerry Williams was seen leaving Sheriff's office with Sheriff and another employee.
   5. A different employee drove Williams to a restaurant where he then went to meet the victim of the extortion.
   6. The Sheriff used stationery with the office address.

3. In its original analysis, as articulated on the record at the hearing on April 24, 1990, the Court viewed predicate act 14 and Count 35 to be "isolated events" unrelated to the enterprise, i.e., Sheriff's Department. This was prior to the submission of the government's proffer.

proper question should have been "whether the affairs of the 1508 Club [the enterprise] were *conducted* through the pattern of racketeering activity, not whether they were benefitted or advanced or whether profit to the 1508 Club resulted." (emphasis in original). The evidence in *Webster* showed that telephone calls to the two principals were forwarded to the Club and that Club facilities and personnel were used in furtherance of the criminal acts. *Id.* at 187. The court affirmed the convictions, thereby upholding its earlier finding that the Club was "regularly made available to, and put in the service of, the defendants' drug dealing business." *Id.*

The proffer, which shows telephone calls to the sheriff at his office and the use of Sheriff Department facilities and personnel all related to the alleged criminal acts, is a sufficient showing at this time that the Sheriff's Department was regularly made available to and put in the service of the alleged illegal activity.

The Court has carefully reviewed the teachings of the U.S. Supreme Court in *H.J. Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. ——, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989), on the question of whether the predicate acts establish a "pattern of racketeering activity." Throughout the opinion, Justice Brennan stated that Congress intended a flexible approach to proving such a pattern. The Court stated that:

> RICO's legislative history reveals Congress' intent that to prove a pattern of racketeering activity a plaintiff or prosecutor must show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity.

*Id.* at ——, 109 S.Ct. at 2900, 106 L.Ed.2d at 208 (emphasis in original).

The Court found guidance in a provision of the Organized Crime Control Act of 1970 to define the element of relatedness.

> [C]riminal conduct forms a pattern if it embraces criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by dis-

tinguishing characteristics and are not isolated events.

18 U.S.C. § 3575(e), *cited in H.J. Inc.,* at ——, 109 S.Ct. at 2901, 106 L.Ed.2d at 208.

This Court believes the government's proffer provides a sufficient showing on its face to meet this test of relatedness. The proffer shows that predicate act 14 dealing with extortion is not simply restricted to defendant Thomas acting alone as an individual, nor is it simply restricted to the defendant's condominium in Bellevue. The proffer links the allegations of predicate act 14 to both the enterprise and the other predicate acts by showing that Sheriff Department facilities and personnel were used in furtherance of the alleged illegal activity. Predicate act 14 and the other predicate acts have the same or similar purposes, participants or methods of commission. Therefore, the relatedness test is met.

The Supreme Court attempted to define the second element of continuity, while recognizing that the specific facts of each case will control. The Court stated that it would adopt a less inflexible approach to this element than did the Eighth Circuit and would apply a common-sense, everyday understanding of RICO's language.

> What a plaintiff or prosecutor must provide is continuity of racketeering activity, or its threat, *simpliciter.* This may be done in a variety of ways, thus making it difficult to formulate in the abstract any general test for continuity.

*Id.* at ——, 109 S.Ct. at 2901, 106 L.Ed.2d at 209 (emphasis in original). However, the Court did set out some boundaries when it stated that the continuity requirement can be satisfied

> where it is shown that the predicates are a regular way of conducting defendant's ongoing legitimate business (in the sense that it is not a business that exists for criminal purposes), or of conducting or participating in an ongoing and legitimate RICO 'enterprise'.

*Id.* at ——, 109 S.Ct. at 2902, 106 L.Ed.2d at 210.

The Court believes this second element is met based on the same reasoning. That is,

**850**

that the government's proffer shows that the predicates are a regular way of conducting the Sheriff's Department. In other words, the proffer demonstrates that defendant Thomas used his position as sheriff to engage the Sheriff's Department and its personnel in furtherance of the alleged extortion and other alleged crimes.

After reviewing the proffer of evidence the government made at the hearing on April 24, 1990, the Court agrees with the government's position that a sufficient nexus between predicate act 14 and the enterprise has been demonstrated at this stage to defeat the motion to strike. Accordingly, the defendants' motions to strike predicate acts four and 14 are denied in part. The Court denies the motions relating to predicate act 14 and reserves ruling at this time on predicate act four.

## II.

■ Regarding the motions to sever, the Court has considered both of defendant Thomas' motions (Docket Entry Nos. 104 and 177), his supporting memorandums (Docket Entry Nos. 105 and 178), the affidavits of the defendant and his attorney (Docket Entry Nos. 106 and 107) and the government's responses (Docket Entry Nos. 139 and 215). The motions are based both on Rule 8 (joinder of offenses and defendants) and Rule 14 (relief from prejudicial joinder) of the Federal Rules of Criminal Procedure.

Based upon Rule 8, defendant Thomas argues that Count 35 should be severed because it does not meet the requirements of the rule for joinder. In essence, defendant Thomas contends that Count 35 does not arise out of the same acts or transactions as the other counts and does not share a "theme" common to the other counts. Rule 8(a) applies only to joinder of offenses charged against a single defendant. When multiple defendants are involved, Rule 8(b) governs both joinder of offenses and joinder of defendants and Rule 8(a) does not apply. *U.S. v. Jackson*, 562 F.2d 789 (D.C.Cir.1977).

The government argues that if criminal acts are part of a pattern of racketeering activity, then they are part of a series of acts or transactions constituting an offense within the meaning of Rule 8(b). The government maintains that Count 35 is a part of a pattern of racketeering activity because the same facts are included as a predicate act in the RICO counts. *U.S. v. Weisman*, 624 F.2d 1118, 1129 (2nd Cir.), *cert. denied*, 449 U.S. 871, 101 S.Ct. 209, 66 L.Ed.2d 91 (1980). If Count 35 has a sufficient nexus to the enterprise, it is properly joined pursuant to Rule 8(b). The government sufficiently demonstrated the nexus, at least at this stage of the proceeding, in its argument previously cited concerning the motions to strike.

Accordingly, the Court finds no improper joinder of Count 35 based upon Rule 8.

Defendant Thomas has asked the Court to consider severing Count 35 based upon Rule 14, prejudicial joinder. Defendant Thomas argues that, if Count 35 is not severed, he would be denied his constitutional right to counsel of his choice since his attorney, William R. Willis, Jr., will be called as a witness regarding the charges set forth in Count 35. The government responds that the Sixth Amendment does provide a right to counsel, but it does not provide an absolute right to counsel of one's choice.

However, the Court's conclusion is dictated by its finding that predicate act 14 and Count 35 (based upon Rule 8) are properly joined in the indictment. Since predicate act 14 will remain included, there is no valid reason to grant severance of Count 35 based upon Rule 14, prejudicial joinder. Even if Count 35 is severed and tried first, Mr. Willis will still face the same problem of being a witness as to predicate act 14 in the trial of the remaining counts (the second trial). Therefore, the prejudice defendant Thomas alleges will occur if he does not have counsel of his choice cannot be solved by granting a severance of Count 35.

■ The general rule is that all properly joined counts should be tried together. The balance between the government's right to try its entire case and the inconvenience to the defendant in retaining other counsel tips in favor of the government in this particular situation even though it

may require the defendant to forgo counsel of his choice who has been engaged on behalf of the defendant since day one. Since there is no basis for a severance under Rule 14, the government is entitled to try the entire case as to the defendant Thomas in one proceeding.[4]

Accordingly, the Court denies defendant Thomas' motions to sever concerning Count 35 only. The Court reserves ruling at this time on the motion to sever Count 14.

### III.

In conclusion, the motions to strike predicate acts four and 14 (Docket Entry Nos. 173 and 191) are denied relating to act 14 and reserved as to act four; the motion to sever only Count 35 (Docket Entry No. 104) is denied; and the motion to sever both Counts 14 and 85 (Docket Entry No. 177) is denied only as to Count 35 and is reserved as to Count 14.

An appropriate order will be entered.

---

**4.** The Court notes that in the colloquy with counsel at the hearing on April 24, 1990, it made an observation that it would be "constitutionally intolerable" to compel a defendant to forgo counsel of his choice who has been engaged in the defendant's behalf since day one. This observation constituted no ruling and was made with the reservation that predicate act 14 and Count 35 appeared to the Court to be "isolated events" lacking a nexus to the "enterprise," *i.e.,* Sheriff's Department. The government subsequently made its proffer and directed the Court's attention to *U.S. v. Webster,* 669 F.2d 185, (4th Cir.), *cert. denied,* 456 U.S. 935, 102 S.Ct. 1991, 72 L.Ed.2d 455 (1982). Given the determination that predicate act 14 and Count 35 are properly joined under Rule 8, the Court lacks any warrant to grant a severance under Rule 14 to avoid inconvenience to the defendant by virtue of his attorney possessing testimonial knowledge. To do otherwise, the Court would be required to turn its back on the law relating to properly joined offenses and resort to pure muscle or the "equity bucket" for the benefit of the defendant.